March 11, 1907.

————o————

No. 4130.

(Court of Appeal, Parish of Orleans.

## THE KENNER CYCLE AND MOTOR WORKS vs.

## JOSEPH J. OGDEN et al.

1. Privileges against ships and other vessels are prescribed by six months and the delay commences to run from the date of the contract and not from the maturity of the debt.
2. No plea of prescription is necessary, and the creditor must assert his privilege within the statutory period of prescription.
3. On the merits, the issues of fact are resolved in favor of the plaintiff.

Appeal from Civil District Court, Division "D."

H. Kenner, for Plaintiff and Appellee.

Geo. W. Flynn, for Defendants and Appellants.

DUFOUR, J. The plaintiffs sue defendants for $450, the

price of a gasoline engine which they allege they sold to defendants and for $40.50/100 more which they claim for work done on their boat, the "Vera." Under Art. 3257 R. C. C. and Arts. 285 and 289 C. P., they asked for and obtained a provisional seizure to enforce their privilege on the boat and motor.

The defendants deny that they purchased the motor and aver "that with a view of making an advantageous sale of their property (the boat), they accepted the proposition made to them to take the motor, described as a gasoline motor, and install and fit same in the boat, believing thereby that a sale of the whole could be more advantageously made than if made separately; that the said plaintiff company fixed a valuation on their said motor at $450, and defendant fixed a valuation on the boat and fixtures at $500.00."

The claim for $40.50/100 may be dismissed with the state-ment that the work done was apparently the result of the motor transaction and that it is not clear that, at the time, there was any well defined or understood intention to demand remuner-ation for the same.

The member of the plaintiff firm who managed the trans-action swears that the agreement was one of sale; several witnesses say that, at various times, admitted that the boat had been bought from plaintiff for the price named.

Ogden denies the purchase and asserts the deal to have been as described in the answer; his partners and co-defendants dis-claim any knowledge of the matter. One Jones, who was present when the agreement was entered into, testifies as fol-lows:

"I don't know whether you would really call it a sale or not, but I went in there one day with Mr. Ogden and something was said between them in reference to a motor. In other words, as I remember it, Ogden said, "You put that motor in and I think we can make a sale." He said that, I suppose, to one of the partners in the firm. He introduced me at the time, but I didn't pay any close attention to the matter, because it didn't interest me at all or very much."

It appears from the statement of Ogden and of his partner, Johnson, that, on one occasion, the former presented to the latter for signature notes rpresenting the price of the motor.

If Ogden's version is correct, it is difficult to understand why he should have concerned himself with notes in proposed settlement of a sale which he says was never consummated.

In order to weaken plaintiff's claim. it is said that, though it is judicially asserted. against the partners in ownership of the boat. it is charged in plaintiff's books against Ogden individually, and no bill was ever presented for it.

The judge of the lower Court, who heard and saw all of the witnesses except two, resolved the conflict of evidence against the defendant.

A mere irregularity in bookkeeping and a failure to present a bill will not lead us to question that finding, when it appears:

First—That the answer denies a purchase, but does not assert that the transaction was not in the interest of all the defendants.

Second—That the boat "Vera" was registered and licensed in the office of the United States Collector of Customs in the name of the three defendants, Ogden being named as master.

Third—That with full knowledge of the fact that the motor was procured from plaintiffs, the defendant retained and used it for months

Fourth—That there is evidence of occasional discussion between the parties as to time and manner of settlement.

The sale is proved and the plaintiffs are entitled to recover the purchase price.

But the seizure cannot be maintained.

Though prescription is not specially pleaded, our attention has been called to the fact that more than six months elapsed between the date of the contract and the judicial enforcement of the privilege. According to the doctrine in 115 La. 867, no plea of prescription is necessary; the creditor must assert his privilege within the six months statutory period of prescription, and the delay commences to run from the date of the contract and not from the maturity of the debt.

We do not feel at liberty to follow the earlier jurisprudence apparently to the contrary in 19. La. 550, and 23 An. 473.

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment

in favor of plaintiff, the Kenner Cycle and Motor Works and against the defendants, Joseph J. Ogden, Alex Johnston and George Johnston, in solido for the sum of $450, with legal interest from June 11th, 1906, until paid, with costs of suit.

It is further ordered, adjudged and decreed that there be judgment dissolving and setting aside the writ of provisional seizure at plaintiff's cost, reserving to defendants the right to sue for such damages, if any as may have been caused by the illegal issuance of the writ, and that plaintiff pay costs of appeal.

March 11, 1907.

Rehearing refused March 25, 1907.

Writ refused by Supreme Court April 19, 1907.